**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**CRIMINAL ACTION NO. 04-20-DLB**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**vs.**                              **MEMORANDUM OPINION & ORDER**

**WILLIAM BRADEN**                                                  **DEFENDANT**

* * * * * * * * * * * * *

This matter is before the Court on Defendant's Motion to Suppress. (Doc. #29) The
United States has responded to the motion. (Doc. #30) An oral argument was held on
July 7, 2005.  Defendant was present and represented by Attorney Robin Webb.  Plaintiff
was represented by Assistant U.S. Attorney Ron L. Walker Jr.

At the conclusion of the hearing, the Court ruled Defendant had failed to make the
necessary substantial preliminary showing to warrant a *Franks* hearing; *i.e.,* that the subject
warrant and supporting affidavit included a false statement or omission, made knowingly
and intentionally, or in reckless disregard for the truth, which statement was necessary to
the finding of probable cause*.  Franks v. Delaware,* 438 U.S. 154, 155-56 (1978).  The
remainder of Defendant's suppression motion was taken under advisement.

**I.   *ISSUE***

Defendant seeks to suppress the methamphetamine and firearms seized from his
residence as having been obtained in violation of his Fourth and Fourteenth Amendment
rights.  Aside from the *Franks* issue, Defendant's challenge to the warrant focuses upon
the sufficiency of the affidavit.  He contends that the affidavit on its face does not contain

sufficient averments to support a finding of probable cause by the state judge who issued the search warrant.  The Government disputes this, and alternatively submits that if probable cause for the search warrant is wanting, the *Leon* "good faith" exception to the exclusionary rule applies in this case.  *United States v. Leon*, 468 U.S. 897 (1984).

## II.    FACTS

Issuance of the subject search warrant resulted from a telephone call made to the Kentucky State Police (KSP) in the early morning hours of February 17, 2004.  According to his affidavit, Kentucky State Trooper Shane Goodall was dispatched to respond to a possible domestic at the home of Charlie and Sarah Lilly.  His affidavit prepared in support of the issuance of the search warrant describes his investigation as follows:

> Upon arrival to scene, both subjects appeared to be under the influence of illegal drugs. Upon investigation by affiant, Charles and Sarah Lilly admitted to smoking meth prior to affiant's arrival. While talking to Sarah Lilly, she showed affiant where she kept the meth and used drug paraphernalia. Sarah Lilly stated the meth was given to her for cleaning a trailer for Michael Hugley. Sarah Lilly also advised affiant that she had seen multiple weapons that she thought to be stolen and also seen a large amount of illegal drugs.

> Sarah Lilly visually identified the residence as which was described to the affiant.

Based upon the information provided by Sarah Lilly, Trooper Goodall prepared a formal Affidavit for Search Warrant.  The subject of the proposed search was described in the affidavit and the search warrant as:

> RESIDENCE LOCATED ON 440[1] REEVES BRANCH, OLIVE HILL, KENTUCKY

---

[1]The face of the affidavit reflects the number "440" was not the typed house number.  Though the original number is not decipherable, it is clear from the face of the affidavit that the middle number was changed to a "4," with the change initialed by someone.

2

and more particularly described as follows:

> TRAVELING FROM ROUTE 2 APPROXIMATELY 7 MILES ON US 60 WEST OF OLIVE HILL, KENTUCKY. TURN RIGHT ONTO REEVES BRANCH, OLIVE HILL, KY, TRAVELING APPROXIMATELY 4/10 OF A MILE, SITUATED ON THE RIGHT SIDE OF ROADWAY MORE SPECIFICALLY AS FOLLOWS:
> A MOBILE HOME WHITE/BROWN IN COLOR, RED WELL BOX IN FRONT YARD, SMALL WOOD FRONT PORCH, BROWN WOOD ONE CAR GARAGE SITUATED TO THE RIGHT OF MOBILE HOME. HAVING A MAILBOX WITH THE WORDS 'HOWDY DAMN IT' AND GREEN ADDRESS SIGN '440' ON MAILBOX POST.
>
> ALSO, GREEN/WHITE MOBILE HOME SITUATED BEHIND ABOVE-MENTIONED MOBILE HOME.
>
> ANY AND ALL STRUCTURES AND OUT BUILDINGS SITUATED ON SAID PROPERTY.

and/or in a vehicle or vehicles described as:

> CHEVY S-10 BROWN IN COLOR
> PONTIAC GRAND PRIX BLUE IN COLOR
> EL CAMINO RED/BLACK IN COLOR

and/or on the person or persons of:

> MICHAEL HUGLEY
> MICHAEL HUSTON

The proposed search warrant, with incorporated affidavit, was presented by Trooper Goodall to Carter County Family Circuit Court Judge Kristi Hogg Gossett, who approved the warrant. Trooper Goodall then conducted a search of the "WHITE/BROWN" mobile home identified in the warrant, which trailer belonged to Defendant. Therein he discovered eleven baggies of methamphetamine and twelve firearms. Trooper Goodall placed Defendant under arrest at 11:25 a.m. on February 17, 2004, on state law charges of possessing a controlled substance and trafficking in a controlled substance. The following

3

day, Trooper Goodall notified federal authorities of the arrest, and an investigation was opened. On November 22, 2004, Braden was federally indicted on five counts related to possession with intent to distribute five grams or more of methamphetamine, possession of firearms in furtherance and in commission of drug trafficking, and forfeiture of firearms.

### III.   ANALYSIS

### A.   Franks Challenge[2]

In *Franks v. Delaware*, the Supreme Court addressed the question whether a criminal defendant has the right, after the issuance of a search warrant,  to challenge the truthfulness of factual statements made in the affidavit in support of the warrant. 438 U.S. 154, 155 (1978). The Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.* at 155-156.   The Sixth Circuit has recognized that in addition to false statements, material omissions may form the basis of a *Franks* challenge.  *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997).  Because a presumption of validity exists with respect to the warrant affidavit, there must be allegations, accompanied by an offer of proof, of deliberate falsehood or reckless disregard for the truth. *Id.* at 171.

Defendant does not allege that Trooper Goodall knowingly included any false statements in his affidavit. Instead, Defendant contends that Trooper's Goodall's failure to

---

[2]Although the court explained on July 7, 2005 its basis for concluding that a *Franks* hearing was not warranted, a more detailed explanation is provided herein.

disclose the severity of Sarah Lilly's meth-induced delusional state to the issuing judge constitutes a reckless disregard for the truth. Indeed, the Sixth Circuit has held that "*Franks* challenges may be based on the omission of material facts from the warrant affidavit that would, if known to the issuing magistrate, dispel probable cause." *United States v. Keszthelyi*, 308 F.3d 557, 566 (6th Cir. 2002) (citing *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)). However, "an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." *Atkin*, 107 F.3d at 1217.

In the instant case, the affidavit stated that Sarah Lilly "appeared to be under the influence of illegal drugs...[and] admitted to smoking meth prior to affiant's arrival." This statement clearly put the issuing judge on notice that Sarah Lilly was under the influence of illegal drugs as she assisted Trooper Goodall in his investigation. Failure to include in the affidavit specific details describing Sarah Lilly's drug-induced mental state is not an omission of fact so serious as to constitute reckless disregard for the truth.[3] Therefore, the first step of the *Franks* analysis is not satisfied.

Moreover, there is no indication that Trooper Goodall declined to describe Sarah Lilly's hallucinogenic state in an attempt to mislead the issuing judge or alter her evaluation of Lilly's credibility as an informant. To the contrary, Trooper Goodall informed the judge that Sarah Lilly had admitted to smoking meth and that she was observably under its influence.

---

[3]To the extent Defendant argues that Trooper Goodall should have included in the affidavit information gleaned from BATF Sabotchick's February 27, 2004 interview of Sarah Lilly, his argument is misplaced.  That interview was ten (10) days after the warrant was signed and Trooper Goodall cannot be charged with knowledge obtained by Agent Sabotchick ten (10) days later.

Additionally, the known omitted details of Sarah Lilly's state of mind (See footnote 3), if included, would not have been sufficient to dispel a probable cause finding. Thus, even if the issuing judge had considered the omitted information known to Trooper Goodall at the time, the Court finds probable cause would have still existed. Therefore, the second step of the *Franks* analysis is not satisfied..

For all of these reasons, Defendant is not entitled to a *Franks* hearing.

### B.    Probable Cause

"Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001)(internal quotations omitted). "A magistrate's determination of probable cause is afforded great deference by the reviewing court and should only be reversed if arbitrarily made." *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003) (internal quotes omitted)(quoting *Greene*, 250 F.3d at 478). Therefore, the issue in the present case is whether, under the "totality of the circumstances," the statements and conduct of Sarah Lilly, as heard and observed by Officer Goodall, were sufficient for the state judge to find a "fair probability" that contraband would be found in the residence located on 440 Reeves Branch, Olive Hill, Kentucky.

Defendant contends that, because the affidavit fails to explicitly state how recently Sarah Lilly had observed drugs and guns in the trailer, there is no basis for a finding of probable cause that these confiscated items would have been found at the time the search warrant was issued. In *United States v. Pelham*, 801 F.2d 875 (6th Cir. 1986), an informant found with marijuana in his possession stated that he had purchased the drugs at the defendant's home. The affidavit in support of a search warrant identified the informant and

6

explicitly stated that the informant had observed marijuana in the defendant's home within the past 24 hours.  The court affirmed the warrant's validity, holding that "when a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence." *Id.* at 878. Like the informant in *Pelham*, Sarah Lilly had observed evidence in a specific location in the immediate past and was named in the affidavit.

Unlike the affidavit in *Pelham*, Trooper Goodall's affidavit did not identify how recently the informant had observed evidence of criminal activity by either a specific time or number of hours passed.  However, "even if a significant period has elapsed since a defendant's last reported criminal activity, it is still possible that, depending upon the nature of the crime, a magistrate may properly infer that evidence of wrongdoing is still to be found on the premises." *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998).

The affidavit in this case included Sarah Lilly's observation of "a large amount of illegal drugs." Based upon the amount of drugs observed, the state judge could properly infer that the trailer contained evidence of an ongoing drug trafficking operation. In situations such as this, where "the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972) (cited with approval by the Sixth Circuit in *Spikes*, 158 F.3d at 924).  Further, the fact that Sarah Lilly still possessed some of the meth obtained from the trailer is adequate grounds to infer that her acquisition of the drugs had occurred in the "immediate past."   Therefore, the

information in the affidavit contained facts adequate for the judge to find a "fair probability" that the trailer likely still contained illegal drugs.

Defendant next contends that the judge's finding of probable cause was improper because the affidavit lacked sufficient facts to establish the reliability of Sarah Lilly as an informant, and that her mental state at the time was such that she could not be considered a reliable informant. "[W]hile an affidavit must state facts supporting an independent judicial determination that the informant is reliable, those facts need not take any particular form." *United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005). "As long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause." *Id.* Evidence of an informant's reliability may include independent corroboration of her story by police, proffer of an especially detailed description, a history of providing reliable information, or willingness to be named in the affidavit. *Id.*

The affidavit in this case provides sufficient facts from which the judge could conclude that Sarah Lilly was a reliable informant, even though the affidavit stated she admitted to smoking meth prior to Trooper Goodall's arrival.[4]  First, she was named in the affidavit.  Second, her story was corroborated by Trooper Goodall when Sarah Lilly showed him the remaining meth and directed him to the trailer from which she obtained it.  The fact that Sarah Lilly had not provided information to police in the past is not fatal to her credibility as a witness. *See United States v. Pelham*, 801 F.2d 875 (6th Cir.

_____

[4]In challenging Lilly's mental state and reliability, Defendant also points to Lilly's serious addiction to and heavy use of meth, along with the fact that she and her husband were experiencing hallucinations on the morning of February 17, 2004.  However, these particularized details about the events in the days leading up to February 17 and Lilly's hallucinations were not discovered until Agent Sabotchick's February 27, 2004 interview of Lilly.

8

1986)(upholding warrant based on affidavit of named informant having no prior relationship with investigating officer).  Therefore, the state judge's conclusion that Sarah Lilly was a reliable informant was not improper.

Next, Defendant contends that the search of his trailer was without probable cause because Sarah Lilly never mentioned the Defendant by name to Trooper Goodall and consequently he is not named in the affidavit or search warrant. However, it is well established that "search warrants are directed, not at persons, but at property where there is probable cause to believe that instrumentalities or evidence of crime will be found." *Mays v. City of Dayton*, 134 F.3d 809, 814 (6th Cir. 1998). "The specificity required by the Fourth Amendment is not as to the person against whom the evidence is to be used, but rather as to the place to be searched and the thing to be seized." *United States v. Besase*, 521 F.2d 1306, 1308 (6th Cir. 1975). "There is no constitutional requirement that the warrant name the person who owns or occupies the described premises." *Id*. Therefore, the fact that Defendant is not named in the affidavit or warrant is immaterial so long as there existed probable cause to search the property and the property was described with sufficient specificity.

Finally, Defendant contends that the affidavit contained no grounds for a finding of probable cause to search his mobile home because it is unclear from the affidavit which trailer was identified by Sarah Lilly and because Trooper Goodall did not investigate which trailer belonged to Michael Hugley.  The Fourth Amendment requires that a warrant describe the place to be searched with sufficient particularity that an officer can, with reasonable effort, identify the place intended to be searched. *Steele v. United States*, 267 U.S. 498, 503 (1925). Further, the particularity requirement acts as a safeguard against

9

other premises being mistakenly searched. *See United States v. King*, 227 F.3d 732, 750 (6th Cir. 2000); *see also United States v. Gahagan*, 865 F.2d 1490, 1496-97 (6th Cir. 1989). In this case, the Defendant's mobile home, as well as a neighboring "GREEN/WHITE" mobile home, were included in the warrant and described with enough detail that an officer executing the warrant could easily locate them. Thus, it seems that Defendant's contention is that probable cause, if any, existed only with respect to the mobile home "visually identified" by Sarah Lilly and that therefore the affidavit needed to specify which of the two mobile homes was identified so as to safeguard against the risk of the wrong mobile home being searched. Defendant's argument fails for several reasons.

First, the manner in which the residence identified by Sarah Lilly is described in the affidavit supports the commonsense conclusion that the "mobile home white/brown in color" is the primary residence located on 440 Reeves Branch where meth had been "given to her for cleaning a trailer for Michael Hugley." The parties acknowledged during oral argument that the drugs and firearms seized were taken from this structure and not the green/white mobile home. Second, the issuing judge could have properly found probable cause to search both trailers. In *United States v. Combs*, 468 F.2d 1390 (6th Cir. 1972), a search warrant was issued for "the premises," including the house and "all outbuildings and vehicles thereon, including any and all adjacent properties used by the said Pearl Combs." *Id.* at 1391 (quoting the search warrant). In addition to the house, the officers searched the car of the defendant Elisha Combs, the son of Pearl Combs, which was parked near the house though not necessarily on Pearl Combs' property. Despite a lack of information relating directly to the Cadillac, the Sixth Circuit upheld the breadth of the warrant and validity of the search because ample facts were presented to establish probable cause that

10

a crime was being committed. The breadth of the warrant in this case is similarly justified by facts establishing probable cause that a crime was being committed, including Sarah Lilly's remaining meth, and the close proximity of the two mobile homes.  Third, the chance of the wrong mobile home being mistakenly searched is not present in this case as Trooper Goodall himself executed the warrant.  *See United States v. Van Shutters*, 163 F.3d 331, 338 (6th Cir. 1998) ("[T]he fact that [the officer] himself was the executing officer of the affidavit significantly reduces the danger of the wrong premises being searched.").

For all of these reasons, the Court concludes that the issuing state court judge properly found, based upon the affidavit, that there existed a fair probability that evidence of criminal activity would be found in the residence identified on the warrant, which included the brown/white mobile home later determined as belonging to Defendant.  Thus, the search warrant was legally valid.

### C.    *"Good Faith" Exception*

However, even if the Court's finding regarding probable cause was otherwise, admission of the seized evidence is nevertheless lawful, as it was seized in good faith reliance upon the warrant's validity.

In *United States v. Leon*, the Supreme Court announced a "good faith" exception to the exclusionary rule, holding that the exclusionary rule "should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 468 U.S. 897, 905 (1984).  There are at least four situations in which the "good faith" exception is inappropriate: "first, if the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; second, if the issuing

11

magistrate wholly abandoned his judicial role; third, if the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or in other words, where the warrant application was supported by nothing more than a 'bare bones' affidavit; and fourth, if the warrant may be so facially deficient--i.e., failing to particularize the place to be searched or the things to be seized." *Unites States v. Weaver*, 99 F.3d 1372, 1380 (6th Cir. 1996) (quoting *Leon*, 468 U.S. 914-23) (internal quotations omitted).

Trooper Goodall executed the search warrant in good faith reliance on its validity. The issuing judge was not misled by any false statements or omissions, properly acted as a detached and neutral judicial authority, the affidavit contained sufficient averments to support a finding of probable cause, and the place to be searched and things to be seized were sufficiently described.  Therefore, the good faith exception to the exclusionary rule is appropriate in this instance, and the evidence seized during execution of the search warrant will not be suppressed.

### IV.    CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant's Motion to Suppress (Doc. #29) is hereby **denied;**

(2)     A **Telephonic Status Conference** is hereby scheduled in this matter for **August 15, 2005, at 1:00 p.m.**, at which time the Court will set a trial date; and,

(3)     The time period from April 25, 2005, through the date of this Order, totaling 107 days, is deemed **excludable time** pursuant to 18 U.S.C. § 3161(h)(1)(F).

This 11th day of August, 2005.



Signed By:

**_David L. Bunning_**

**United States District Judge**

G:\DATA\Opinions\0-02-20-BradenMotiontoSuppress.wpd